UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN LANGEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SANCHEZ OIL & GAS CORPORATION,<br><br>Defendant and<br>Third-Party Plaintiff,<br><br>v.<br><br>C & D PRODUCTION SPECIALIST CO., INC.,<br><br>Third-Party Defendant. | Case No. 4:18-CV-02840 |

**THIRD-PARTY COMPLAINT**

In accordance with Rule 14 of the Federal Rules of Civil Procedure, Sanchez Oil & Gas Corporation ("Sanchez") brings a third-party complaint against C & D Production Specialist Co., Inc., which does business under the trade name Crosby Energy Services ("Crosby"), and alleges on knowledge and belief as follows:

INTRODUCTION

1. On August 16, 2018, Kevin Langen ("Langen") filed a complaint against Sanchez. *See* ECF No. 1.

2. In his complaint, Langen alleges that Sanchez misclassified him as an independent contractor and failed to pay him and other contractors overtime compensation required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). *See generally id.*

1

3. He seeks an order designating this lawsuit as a collective action and a judgment awarding Langen and putative collective members "all their unpaid overtime compensation and an additional, equal amount, as liquidated damages." *Id.* at page 10.

4. He further seeks attorney's fees, costs, and expenses; pre- and post-judgment interest at "the highest applicable rates"; and "[s]uch other and further relief as may be necessary and appropriate." *Id.*

5. Sanchez has incurred, and will continue to incur, significant expense defending against Langen's lawsuit, including attorney's fees.

6. Langen did not contract with Sanchez when providing services to Sanchez.

7. For a portion of the relevant time frame, Sanchez paid Crosby for Langen's services pursuant to a Master Service Agreement between Crosby and Sanchez (the "Crosby MSA").[1]  A true and correct copy of the Crosby MSA is attached hereto as Exhibit 1.

8. Sanchez did not pay Langen for the services he provided to Sanchez pursuant to the Crosby MSA.

9. In the Crosby MSA, Crosby warranted that it would comply with the FLSA with respect to the services it provided to Sanchez.

10. Crosby also agreed in the Crosby MSA to indemnify and hold Sanchez harmless from any and all claims resulting from its failure to do so. *See* Ex. 1 at § 13.2.

11. Therefore, Crosby is contractually required to indemnify Sanchez for any liabilities or costs incurred in this lawsuit, including attorney's fees.  Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, Sanchez, as a third-party plaintiff, brings this third-party complaint against Crosby to protect and secure its indemnification rights under the Crosby MSA.

---

[1] Sanchez subsequently contracted with Crescent Drilling & Production, Inc. ("Crescent") for Langen's services. *See* Third-Party Complaint Against Crescent (ECF No. 14).

## PARTIES

12. Sanchez is a Delaware corporation with its principal place of business in Houston, Texas.

13. Crosby is a Louisiana corporation with its principal place of business in Cut Off, Louisiana.

14. Sanchez contracted with Crosby for specialized consulting services, including the services provided by Langen.

## JURISDICTION AND VENUE

15. By this third-party complaint, Sanchez seeks damages in excess of $75,000.

16. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a).

17. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2). This third-party complaint is proper under Federal Rule of Civil Procedure 14(a).

## STATEMENT OF FACTS

18. Sanchez and Crosby entered into the Crosby MSA in anticipation of certain services Crosby would provide to Sanchez related to Sanchez's oil and gas operations.

19. The Crosby MSA was effective as of June 17, 2014 and remains in force between Crosby and Sanchez.

20. The Crosby MSA provided that it would control and govern all of the services performed by Crosby for Sanchez in consideration of the covenants and provisions thereof.

21. Sanchez retained Crosby to perform work in exchange for Sanchez's promise to pay for those services performed.

22. Sanchez paid Crosby for the services Crosby provided pursuant to the Crosby MSA.

23. Crosby was obligated by the terms of the Crosby MSA to act as an independent contractor to Sanchez in carrying out its obligation under the Crosby MSA.

24. Further, Crosby agreed that its relationship with Sanchez was that of an independent contractor and that none of its subcontractors or employees "will be deemed to be the employee, agent, servant, representative or invitee of [Sanchez]." *See* Ex. 1 at § 12.1.

25. In section 13.2 of the Crosby MSA, Crosby represented and warranted that it would "comply with all Federal, State and local laws . . . having jurisdiction over [its work for Sanchez] including . . . the [FLSA]." *See* Ex. 1 at § 13.2.

26. Therefore, Crosby was responsible for complying with the FLSA with respect to the services it provided to Sanchez.

27. Crosby further agreed to indemnify and hold harmless Sanchez from any and all claims resulting from Crosby's breach of article 13 of the Crosby MSA, including section 13.2. *See id.*

28. In order to perform the services governed by the Crosby MSA, Crosby employed and/or contracted with individuals to perform services for its customer, Sanchez.

29. One of the individuals who provided services to Sanchez on behalf of Crosby was Langen.

30. In his complaint, Langen has asserted a claim against Sanchez for allegedly not paying overtime wages to him and other workers as required by the FLSA.

31. Yet Sanchez did not pay Langen. A portion of the work for which Langen claims he is owed overtime compensation was performed under the Crosby MSA, and Sanchez paid Crosby for Langen's services.

32. Sanchez did not determine how Crosby compensated Langen.

33. The indemnification provision in the Crosby MSA covers Langen's claim.

34. Sanchez is entitled to indemnification from Crosby for any costs and expenses, including attorney's fees, incurred in defending against Langen's complaint, even if his claims are ultimately dismissed.

## THIRD-PARTY CLAIMS

### I.   Indemnification

35. Sanchez incorporates by reference each and every allegation set forth above, as though fully set forth herein.

36. Crosby has agreed to indemnify Sanchez against any and all claims resulting from its failure to comply with the FLSA with respect to services provided under the Crosby MSA.

37. This indemnification obligation extends to the claim asserted by Langen against Sanchez in this lawsuit.

38. Crosby is liable to Sanchez for any costs, losses, liabilities, expenses (including attorney's fees), judgments, fines, and other amounts incurred by Sanchez in connection with this lawsuit, including expenses incurred in prosecuting this third-party complaint.

### II.   Breach of Contract

39. Sanchez incorporates by reference each and every allegation set forth above, as though fully set forth herein.

40. Though made against Sanchez, Langen's allegations implicate Crosby, which allegedly breached the Crosby MSA by failing to comply with the FLSA with respect to payments to Langen and other consultants.

41. Sanchez has suffered, and continues to suffer, damages as a result of Crosby's breach of the Crosby MSA, including expenses associated with defending against Langen's complaint and prosecuting this third-party complaint.

WHEREFORE, Sanchez respectfully requests that this Court grant judgment against Crosby as follows:

(a) An Order requiring Crosby to indemnify Sanchez for all costs, losses, liabilities, expenses (including attorney's fees), judgments, fines, and other amounts incurred by Sanchez in this lawsuit.

(b) An Order requiring Crosby to pay Sanchez all damages incurred as a result of Crosby's breach of the Crosby MSA, including, but not limited to, all costs, losses, liabilities, expenses (including attorney's fees), judgments, fines, and other amounts incurred by Sanchez in this lawsuit.

(c) An award in Sanchez's favor for pre- and post-judgment interest and costs; and

(d) An award in Sanchez's favor for any additional relief the Court deems just and proper.

Dated: September 17, 2018				Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

s/ *Brian G. Patterson*
Brian G. Patterson (Attorney-In-Charge)
Texas State Bar No. 24042974
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Tel:	(713) 220-5800
Fax:	(713) 236-0822
E-mail:	bpatterson@akingump.com

6

Of Counsel:
Robert G. Lian, Jr. (*pro hac vice*)
Joshua K. Sekoski (*pro hac vice*)
1333 New Hampshire Ave. NW
Washington, DC 20036
Tel:     (202) 887-4000
Fax:    (202) 887-4288
E-mail:  blian@akingump.com
              jsekoski@akingump.com

Counsel for Defendant

**Certificate of Service**

I certify that on September 17, 2018, I electronically filed the foregoing Third-Party Complaint with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record. Sanchez will serve the Third-Party Complaint on C & D Production Specialist Co., Inc. in accordance with applicable rules.


/s/ *Brian G. Patterson*
Brian G. Patterson