IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN LANGEN, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. 4:18-02840 |
| SANCHEZ OIL & GAS CORPORATION, | § § § | |
| Defendant and Third-Party Plaintiff, | § § | |
| and | § § § | |
| CRESCENT DRILLING & PRODUCTION, INC., | § § § | |
| Third-Party Defendant. | § § | |

## MEMORANDUM AND ORDER

Before the Court is Third-Party Plaintiff Sanchez Oil & Gas Corporation's ("SOG") Motion to Dismiss Crescent Drilling & Production, Inc.'s ("Crescent") Counterclaims ("Motion to Dismiss" or "Motion") [Doc. # 76]. Third-Party Defendant Crescent filed a response,[1] and SOG replied.[2] The Motion is now ripe for

---

[1] Crescent Drilling & Production, Inc.'s Response to Sanchez Oil & Gas Corporation's Motion to Dismiss Counterclaims ("Response") [Doc. # 77].

[2] Third-Party Plaintiff Sanchez Oil & Gas Corporation's Reply in Support of Its Motion to Dismiss Crescent Drilling & Production, Inc.'s Counterclaims ("Reply") [Doc. # 78].

decision. Based on the parties' briefing, relevant matters of record, and pertinent legal authority, the Court **grants** SOG's Motion.

I.  **BACKGROUND**

This lawsuit began as a putative Fair Labor Standards Act ("FLSA") collective action against SOG filed by Kevin Langen, a former consultant engaged by SOG through Crescent. Original Complaint [Doc. # 1].

After answering Langen's complaint, SOG filed a third-party complaint against Crescent containing claims for indemnification and breach of contract under a Master Service Agreement ("MSA") [Doc. # 14-1] between the SOG and Crescent. Third-Party Complaint [Doc. # 14]. SOG alleges that it did not contract directly with Langen for his services, but instead contracted with Crescent for Langen's services pursuant to the MSA. Under the MSA, Crescent agreed to comply with the FLSA with respect to services they provided to SOG and agreed "to protect, defend, indemnify, and hold harmless [SOG] from any and all claims resulting from [Crescent's] breach" of its covenant. MSA § 13.2. SOG alleges that Crescent breached the MSA by not complying with the FLSA with respect to Langen's compensation and must indemnify SOG against Langen's FLSA claim.

On January 7, 2019, Langen and SOG agreed in principle to a confidential settlement of Langen's individual claim and notified the Court of the agreement. Joint Notice of Partial Resolution [Doc. # 55]. On January 30, 2019, Langen and

2

SOG moved for Court approval of their settlement. Agreed Motion for Approval of Settlement and Dismissal of Claims with Prejudice [Doc. # 61]. On February 1, 2019, the Court approved a settlement between SOG and Langen, dismissing Langen's claim with prejudice and dismissing Langen from the lawsuit. Order dated February 1, 2019 [Doc. # 64].

On February 14, 2019, Crescent answered SOG's third-party complaint and asserted two breach of contract counterclaims. Crescent Drilling & Production, Inc.'s Answer to Third-Party Complaint and Counterclaim Against Sanchez Oil & Gas Corporation ("Crescent's Answer & Counterclaims") [Doc. # 71].

Crescent labels Count 1 as its "Prevailing Party Status" claim. Crescent asserts that SOG owes Crescent attorneys' fees under Section 18.1 of the parties' MSA. Section 18.1 of the MSA states:

> In the event the Parties become involved in mediation or litigation arising out of or related to the Agreement in which services of an attorney or other expert are reasonably required, the prevailing Party will be fully compensated for the cost of its participation is such proceedings, including court costs, expenses and the reasonable costs incurred for attorneys' fees and experts' fees. Unless judgment goes by default, the attorneys' fee award will not be computed in accordance with any other court schedule, but will be such as to fully reimburse all reasonable attorneys' fees actually incurred by the prevailing Party, regardless of the size of the judgment and regardless of whether the payment of all or a portion of such fees was contingent upon the outcome of the mediation or litigation.

MSA § 18.1. Crescent contends that SOG's indemnification claim under the MSA is meritless because it did not violate the FLSA. Accordingly, Crescent alleges it will be a "prevailing Party" on an action "arising out of" the MSA and thus entitled to attorney's fees under Section 18.1.

Crescent labels Count 2 as "Sanchez's Breach of Contract." Crescent asserts that SOG breached Section 11.10.3 of the MSA by settling with Langen without Crescent's prior written consent. Section 11.10.3 of the MSA states:

> Each Indemnified Party agrees that it will not settle or otherwise compromise any claims to be indemnified under this Agreement without the prior written consent of the Indemnifying Party, which consent shall not be unreasonably withheld or delayed. If the Indemnifying Party unreasonably withholds or delays its consent (including as a result of the Indemnifying Party's belief that it has no indemnification obligations under this Agreement), then the Indemnified Party may settle or otherwise compromise the applicable claims in its sole discretion, and the Indemnified Party shall be entitled to initiate litigation against the Indemnifying Party to determine whether the Indemnifying Party unreasonably withheld consent to the proposed compromise or settlement.

MSA § 11.10.3. Crescent alleges that SOG never informed it that Langen and SOG were negotiating, and that Crescent's first notice of settlement negotiations was the Joint Notice of Partial Resolution filed on January 7, 2019. Crescent further alleges that SOG refused Crescent's demands for documents pertinent to settlement negotiations and SOG never obtained Crescent's approval of the settlement agreement. With respect to damages, Crescent contends that SOG's refusal to

4

communicate settlement terms or obtain Crescent's approval caused Crescent to lose the ability to determine whether the settlement agreement was reasonable, appropriate, or justified, causing Crescent damages "in an amount to be proven at trial."

## II. **DISCUSSION**

SOG moves to dismiss both of Crescent's counterclaims. SOG contends that Count 1, Crescent's Prevailing Party Status counterclaim, should be dismissed under Federal Rule of Civil Procedure 12(b)(1) as the claim is not ripe for adjudication. SOG further contends that Count 2, Crescent's counterclaim for breach of the MSA's prior written consent term, should be dismissed under Rule 12(b)(6) for failure to state a claim.

### A. **Count 1 Is Not Ripe for Adjudication**

"Under Article III of the Constitution, federal courts are confined to adjudicating 'cases' and 'controversies.'" *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017). "And to be a case or controversy for Article III jurisdictional purposes, the litigation 'must be ripe for decision, meaning that it must not be premature or speculative.'" *Id.* (quoting *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal

5

quotation marks omitted).  Claims that are unripe must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  *See Roman Catholic Diocese of Dall. v. Sebelius*, 927 F. Supp. 2d 406, 415 (N.D. Tex. 2013) (Boyle, J.) ("Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss.").

Count 1, Crescent's Prevailing Party Claim, is not ripe.  Crescent's Count 1 essentially asserts that it will be "the prevailing Party" in a lawsuit "arising out of or related to" the MSA.  In other words, Crescent's ability to recover depends on its ultimate success in this lawsuit—an anticipated future event that "may not occur at all."  *See Texas*, 523 U.S. at 300.  At least one other district court has dismissed on ripeness grounds a claim for attorneys' fees under a "prevailing party" contract term.  *See Degginger v. McGraw-Hill Glob. Educ. Holdings LLC*, No. CV-14-2429-TUC-DCB, 2015 WL 917938, at **1-2 (D. Ariz. Mar. 3, 2015).

The Court therefore **dismisses** Count 1 without prejudice for lack of subject matter jurisdiction.  Crescent, however, may seek attorneys' fees when and if warranted under the MSA.  The Court **grants** Crescent leave to file amended counterclaims that include in the in its prayer for relief a request for attorneys' fees under the MSA if Crescent prevails on SOG's indemnity and breach of contract claims.

## B.     Count 2 Fails to State a Claim for Breach of Contract

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The operative pleading must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The pleading must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

"Under Texas law, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 500 (5th Cir. 2018) (alteration in original) (quoting *Smith Int'l, Inc. v.*

7

*Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). SOG focuses on the fourth element, arguing that Crescent has failed to adequately plead damages. The Court is persuaded by SOG's argument.

"Under Texas law, contract damages are defined by the plaintiff's *actual loss*." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009) (emphasis added). "[A] party may not recover damages for breach of contract if those damages are remote, contingent, speculative, or conjectural." *Id.* (quoting *City of Dallas v. Villages of Forest Hills, L.P., Phase I*, 931 S.W.2d 601, 605 (Tex. App.—Dallas 1996, no writ)). District courts in the Fifth Circuit frequently dismiss contract claims for failure to plead actual damages with specificity. *See Snowden v. Wells Fargo Bank, N.A.*, No. 3:18-CV-1797-K-BN, 2019 WL 587304, at *6 (N.D. Tex. Jan. 18, 2019) (Horan, M.J.) (recommending dismissal of breach of contract claim for failure to adequately plead actual damages), *report and recommendation adopted*, No. 3:18-CV-1797-K, 2019 WL 586005 (N.D. Tex. Feb. 12, 2019) (Kinkeade, J.); *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *7 (N.D. Tex. Apr. 18, 2018) (Horan, M.J.) (same), *report and recommendation adopted*, No. 3:17-CV-723-B-BN, 2018 WL 2150960 (N.D. Tex. May 10, 2018) (Boyle, J.); *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3335-G-BN, 2018 WL 4627132, at *11 (N.D. Tex. July 27, 2018) (Horan, M.J.) (same), *report and recommendation adopted*, No. 3:16-CV-3335-G-BN, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018) (Fish, J.); *Seismic*

8

*Wells, LLC v. Matthews*, No. 5:15-CV-148-C, 2016 WL 3390507, at *3 (N.D. Tex. Feb. 22, 2016) (Cummings, J.) (dismissing breach of contract claim for failure to sufficiently plead "actual loss").

In this case, Crescent fails to adequately plead that it suffered actual damages caused by SOG's failure to obtain Crescent's prior written consent before entering into the settlement agreement with Langen. Crescent pleads that it "lost the ability and the right to determine whether the Settlement Agreement entered into between Sanchez and Langen was reasonable, appropriate, or justified," resulting "in damages to Crescent in an amount to be proven at trial." These statements are inadequate to plead actual monetary damages. Crescent does not specifically allege that its loss of the right to consent to Langen and SOG's settlement agreement caused Crescent actual damages. Nor is it adequate for Crescent merely to assert that damages will be "proven at trial." Accordingly, the Court **dismisses** Count 2 without prejudice. The Court **grants** Crescent leave to amend to file an amended counterclaim to properly allege actual damages, provided it can do so in light of its Rule 11 obligations.

### III. <u>CONCLUSION AND ORDER</u>

Crescent's Prevailing Party counterclaim is not ripe because Crescent is not yet a prevailing party on a claim brought under the MSA. Moreover, Crescent's

9

breach of contract counterclaim does not state a claim because Crescent does not allege plausible actual damages. It is therefore

**ORDERED** that SOG's Motion to Dismiss [Doc. # 76] is **GRANTED**. It is further

**ORDERED** that Count 1 of Crescent's Answer & Counterclaims [Doc. # 71] is **DISMISSED without prejudice** for lack of subject matter jurisdiction. It is further

**ORDERED** that Count 2 of Crescent's Answer & Counterclaims is **DISMISSED without prejudice** for failure to state a claim. It is further

**ORDERED** that Crescent may file amended counterclaims on or before **April 26, 2019**.

SIGNED at Houston, Texas, this 17th day of **April, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

10

P:\ORDERS\11-2018\2840MDismCCs.docx  190417.1153