United States District Court
Southern District of Texas
**ENTERED**
August 21, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN LANGEN, Individually and on behalf of all others similarly situated,<br>　　　　Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. 4:18-02840 |
| SANCHEZ OIL & GAS CORPORATION,<br>　　　　Defendant and<br>　　　　Third-Party Plaintiff, | § § § § § | |
| and | § § | |
| CRESCENT DRILLING & PRODUCTION, INC.,<br>　　　　Third-Party Defendant. | § § § § | |

## MEMORANDUM AND ORDER

Before the Court in this breach of contract dispute is Third-Party Defendant Crescent Drilling & Production, Inc.'s ("Crescent") Sealed Motion for Complete Summary Judgment & Supporting Memorandum of Law ("Motion for Summary Judgment") [Doc. # 85], and Defendant/Third-Party Plaintiff Sanchez Oil & Gas Corporation's ("SOG") Expedited Motion to Deny or Defer Briefing on and Consideration of Third-Party Defendant Crescent Drilling & Production, Inc.'s Motion for Summary Judgment ("Motion to Defer Consideration") [Doc. # 86]. The Court suspended briefing on Crescent's Motion for Summary Judgment.[1] The

---

[1] Order dated July 29, 2019 [Doc. # 88].

Motion to Defer Consideration is ripe for decision.[2]  Based on the parties' briefing, pertinent matters of record, and relevant legal authority, SOG's Motion to Defer Consideration is **granted** and Crescent's Motion for Summary Judgment is **denied without prejudice** to re-urging at the close of discovery.

I.      **BACKGROUND**

This lawsuit began as a putative Fair Labor Standards Act ("FLSA") collective action.  On August 16, 2018, Kevin Langen, a former consultant engaged by Defendant/Third-Party Plaintiff SOG through Third-Party Defendant Crescent, sued SOG to recover unpaid overtime wages.[3]

On September 14, 2018, SOG filed a third-party complaint against Crescent, asserting claims for indemnification and breach of contract under a Master Service Agreement ("MSA")[4] between the SOG and Crescent.[5]  SOG alleges that it did not contract directly with Langen for his services, but instead contracted with Crescent for Langen's services pursuant to the MSA.  Under the MSA, Crescent agreed to comply with the FLSA with respect to services it provided to SOG and agreed "to protect, defend, indemnify, and hold harmless [SOG] from any and all claims

---

[2]     Third-Party Defendant's Opposition & Supporting Memorandum of Law in Response to Third-Party Plaintiff's Expedited Motion to Deny or Defer Briefing on and Consideration of Third-Party Defendant's Motion for Summary Judgment ("Response") [Doc. # 89]; Third-Party Plaintiff Sanchez Oil & Gas Corporation's Reply in Support of Its Expedited Motion to Deny or Defer Briefing on and Consideration of Third-Party Defendant Crescent Drilling & Production, Inc.'s Motion for Summary Judgment ("Reply") [Doc. # 92].

[3]     Original Complaint [Doc. # 1].

[4]     Master Service Agreement ("MSA") [Doc. # 14-1].

[5]     Third-Party Complaint [Doc. # 14].

2

resulting from [Crescent's] breach" of its covenant.[6] SOG alleges that Crescent breached the MSA by not complying with the FLSA with respect to Langen's compensation and must defend and indemnify SOG against Langen's FLSA claim.

On February 1, 2019, the Court approved a confidential settlement between SOG and Langen, dismissing Langen's claim with prejudice and dismissing Langen from the lawsuit.[7]

On February 14, 2019, the Court entered a Docket Control Order, setting a discovery deadline for October 15, 2019, and a dispositive motions deadline for November 12, 2019.[8]

On July 17, 2019, Crescent moved for summary judgment dismissal of SOG's claims. Crescent contends Langen was not an employee of Crescent, and Crescent therefore did not violate the FLSA by not paying Langen overtime. Because Crescent only agreed under the MSA to indemnify SOG for claims arising from *Crescent's* FLSA violations, Crescent argues it has no duty to indemnify SOG against Langen's claim. Crescent's argument that Langen was not its employee relies extensively upon declarations from Kevin Langen and Leslie Ligori, Crescent's Vice President of Well-Site Supervision.[9]

SOG seeks deferral of consideration of Crescent's Motion for Summary Judgment. SOG contends that deferral will enable it to take the deposition of

---

[6] MSA § 13.2.

[7] Order dated February 1, 2019 [Doc. # 64].

[8] Docket Control Order dated February 19, 2019 [Doc. # 73].

[9] Declaration of Kevin Langen [Doc. # 19-2]; Declaration of Leslie Ligori [Doc. # 85-1], at ECF 2.

Langen, Ligori, Crescent's corporate representative as well as Jackie Tunstall, Crescent's Project Coordinator, and Scott McDonald, Crescent's CEO. SOG asserts the deposition of these persons will create a genuine issue of material fact over whether Langen was Crescent's employee.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) "provides the process for a nonmovant to request a district court to withhold its decision on summary judgment." *Meadows v. Latshaw Drilling Co., L.L.C.*, 866 F.3d 307, 313 (5th Cir. 2017). To invoke Rule 56(d), a nonmovant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the summary judgment motion. FED. R. CIV. P. 56(d). If satisfied by the nonmovant's showing, the district court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*

"While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016)). "[T]he non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Smith*, 827 F.3d at 423 (quoting

4

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). The non-movant "must also have 'diligently pursued discovery.'" *Jacked Up, L.L.C.*, 854 F.3d at 816 (quoting *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014)).

## III. DISCUSSION

Crescent contends the Court should not defer consideration of its Motion for Summary Judgment for two reasons. First, Crescent argues SOG has not diligently pursued discovery. Second, Crescent asserts that SOG's requested depositions will not generate a genuine dispute over whether Langen was Crescent's employee within the meaning of the FLSA.

The Court is unpersuaded by Crescent's arguments. The record evidence before the Court reveals that SOG was reasonably diligent in pursuing discovery. Moreover, SOG demonstrates that deposing Langen and Crescent's corporate officers may produce a genuine issue of material fact over whether Langen was Crescent's employee. Accordingly, the Court will grant SOG's Motion to Defer Consideration and deny without prejudice Crescent's Motion for Summary Judgment.

### A. SOG Was Reasonably Diligent in Pursuing Discovery

Discovery between SOG and Crescent in this lawsuit began in February 2019. The record evidence before the Court demonstrates that SOG and Crescent engaged in a back and forth regarding discovery matters until June 2019, when SOG paused its discovery efforts in the hopes of reaching a settlement with Crescent. These efforts fell through in July 2019, and Crescent moved for summary judgment on July 17, 2019. The next day, SOG noticed the depositions it seeks. The discovery deadline in this case is not until October 15, 2019. SOG was reasonably diligent in pursuing discovery.

5

**B.    SOG Demonstrates the Requested Depositions May Show the Existence of Genuine Factual Dispute Over Whether Langen Was Crescent's Employee**

SOG demonstrates its deposition of Langen and Crescent's corporate officers may reveal the existence of a genuine factual dispute over whether Langen was Crescent's employee.  SOG observes that Langen's declaration purporting to demonstrate he was not Crescent's employee is inconsistent with positions Langen took in an earlier, dismissed version of this lawsuit and has taken in another pending lawsuit against Crescent.  SOG convincingly argues that deposing Langen may therefore reveal a genuine dispute over who was Langen's employer.  Furthermore, SOG argues that depositions of Crescent's corporate officers will allow SOG to authenticate and get clarification of documentary evidence contradicting Crescent's assertion that it did not control Langen's pay rate.  Finally, the Court is convinced that depositions of Crescent's corporate representatives may elucidate the facts, and possibly generate fact issues regarding factors relevant to the question whether Langen was Crescent's employee—namely, "(a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer." *See Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010).

## IV.    **CONCLUSION AND ORDER**

SOG demonstrates deferral of Crescent's Motion for Summary Judgment is appropriate.  It is therefore

**ORDERED** that Third-Party Plaintiff Sanchez Oil & Gas Corporation's Expedited Motion to Deny or Defer Briefing on and Consideration of Third-Party

Defendant Crescent Drilling & Production, Inc.'s Motion for Summary Judgment [Doc. # 86] is **GRANTED**. It is further

**ORDERED** that Third-Party Defendant Crescent Drilling & Production, Inc.'s Sealed Motion for Complete Summary Judgment & Supporting Memorandum of Law [Doc. # 85] is **DENIED without prejudice** to re-urging at the close of discovery.

SIGNED at Houston, Texas, this 21st day of **August, 2019.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE