United States District Court
Southern District of Texas

**ENTERED**

July 24, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SANCHEZ OIL & GAS CORP., | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2840 |
| | § | |
| CRESCENT DRILLING & | § | |
| PRODUCTION, INC., | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Fees and Costs ("Motion for Fees") [Doc. # 138] filed by Third-Party Defendant Crescent Drilling & Production, Inc. ("Crescent"). Third-Party Plaintiff Sanchez Oil & Gas Corporation ("Sanchez") filed Objections [Doc. # 142], and Crescent filed a Reply [Doc. # 145]. Having reviewed the full record and applicable legal authorities, the Court **grants** Crescent's Motion for Fees, and awards Crescent **$391,544.50** in reasonable attorneys' fees and **$15,176.05** in recoverable costs.[1]

## I.    BACKGROUND

The factual background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 133] entered May 11, 2020 ("May 11 Opinion"). Briefly, on August 16, 2018, Kevin Langen filed a complaint against Sanchez,

---

[1]    Sanchez has not objected to the amount of costs.

P:\ORDERS\11-2018\2840Fees.wpd    200724.1302

alleging that Sanchez misclassified him as an independent contractor and failed to pay him overtime wages required by the Fair Labor Standards Act ("FLSA"). On September 17, 2018, Sanchez filed a Third-Party Complaint against Crescent, claiming that Crescent had a duty under the parties' Master Services Agreement ("MSA") to indemnify Sanchez against all claims resulting from violations of the FLSA (Count I) and that Crescent breached the MSA with respect to payments to Langen (Count II).

On July 17, 2019, Crescent filed a Motion for Summary Judgment [Doc. # 85]. In response, Sanchez filed a motion [Doc. # 86] asking the Court to "deny, or defer briefing on and consideration of" Crescent's Motion for Summary Judgment because Sanchez needed discovery in order to oppose Crescent's motion. Over Crescent's strenuous objection, the Court granted Sanchez's request and denied Crescent's Motion for Summary Judgment without prejudice "to re-urging at the close of discovery." *See* August 21, 2019 Memorandum and Order [Doc. # 94], p. 7.

Following the close of discovery, Crescent and Sanchez each filed motions for summary judgment. In its May 11 Opinion, the Court denied Sanchez's motion and granted Crescent's motion. Additionally, the Court held that Crescent was entitled to recover its reasonable and necessary attorneys' fees and costs incurred in defending against Sanchez's claims. *See* May 11 Opinion, pp. 25-26. Specifically, the Court

held that Crescent was the "prevailing party" and, therefore, was entitled to recover its reasonable attorneys' fees and costs pursuant to Section 18.1 of the parties' MSA.[2] *See id.* at 25. That section provides "[i]n the event the Parties become involved in mediation or litigation arising out of or related to the Agreement. . . , the prevailing Party will be fully compensated for the cost of its participation is such proceedings, including . . . the reasonable costs incurred for attorneys' fees and experts' fees." *Id*. at 24 (quoting MSA Section 18.1). The Court imposed a schedule for Crescent to file, and for the parties to brief, Crescent's fee application.

Crescent filed its Motion for Fees as directed by the Court in the May 11 Opinion. The Motion has been fully briefed and is now ripe for decision.

## II.    SANCHEZ'S PROCEDURAL OBJECTIONS TO AWARD OF FEES

Sanchez objects that Crescent is not entitled to an award of fees because (1) it failed to plead for attorneys' fees, and (2) it failed to comply with the presentment requirement for statutory fees under Texas law. Regarding the presentment objection,

---

[2]    The Court noted that Texas law defines "prevailing party" as the "party who is vindicated by the trial court's judgment." *See* May 11 Opinion [Doc. # 133], p. 24 (citing *www.Urban.Inc. v. Drummond*, 508 S.W.3d 657, 666 (Tex. App. -- Houston [1st Dist.] 2016, no pet.)). There can be no dispute that, by successfully defending against each of Sanchez's claims against it, Crescent was vindicated by the Court's summary judgment in its favor. Although, as discussed below, Sanchez argues that the amount of fees should be reduced based on Crescent's limited success, Sanchez does not argue that Crescent does not qualify as the "prevailing party" for purposes of an award of attorneys' fees in this case.

Crescent is not seeking statutory fees under Chapter 38 of the Texas Civil Practice and Remedies Code. Therefore, Crescent is not required to comply with any requirements to recover fees under that statute.

Sanchez's objection regarding Crescent's alleged failure to plead for attorneys' fees is factually and legally unsupported. As an initial matter, this Court has already ruled that Crescent is entitled to recover its reasonable attorneys' fees under the parties' MSA. In its Motion for Summary Judgment [Doc. # 115], Crescent explicitly sought recovery of its reasonable attorneys' fees under the MSA. In its Response [Doc. # 120], Sanchez did not assert an objection regarding Crescent's alleged failure to plead for attorneys' fees, or otherwise challenge Crescent's request for fees. The Court has ruled that Crescent is entitled to recover its reasonable attorneys' fees and, therefore, the only issue remaining before the Court is the amount of those fees. *See, e.g., People's Cap. & Leasing Corp. v. Munoz*, 2010 WL 1730782, *1 (N.D. Tex. Apr. 28, 2010) ("Because the court already concluded . . . that PCLC is entitled to recover attorney's fees from Munoz, the only issue to be decided is the amount of the fee award."); *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, 2009 WL 3672758, *1 (E.D. La. Oct. 30, 2009) (court previously ruled on entitlement to fees, so "the only issue to be resolved at this time is the amount of the reasonable attorneys' fees").

Nonetheless, for purposes of a complete record, the Court notes that Crescent's Answer included a request for fees. Specifically, Crescent pled, separate and apart from any counterclaim issues, that it "prays that its answer be deemed good and sufficient and all claims by [Sanchez] be dismissed, with prejudice, and such other and further relief, legal and equitable, ***including attorney's fees***, be awarded" to Crescent. Answer [Doc. # 71], p. 22 (emphasis added).

Additionally, even if Crescent did not plead for attorneys' fees in its Answer, "a pleading defect may be cured by amendment or later notice." *See Al-Saud v. Youtoo Media, L.P.*, 754 F. App'x 246, 255 (5th Cir. 2018), and cases cited therein. Crescent's original Motion for Summary Judgment [Doc. # 85], filed July 17, 2019, included a two-page section discussing Crescent's request for an award of attorneys' fees. On August 30, 2019, Crescent provided an expert report on its request for attorneys' fees. On January 13, 2020, Crescent supplemented its initial disclosures, stating clearly and unequivocally that it "seeks the recovery of its attorneys' fees, expert witness fees, and costs incurred in defending against [Sanchez's] claims against Crescent in this lawsuit, as provided for in the . . . MSA." *See* First Supplemental Initial Disclosures, Exh. A to Reply, p. 2. As noted above, the more recent Motion for Summary Judgment included a section regarding Crescent's claimed right under the MSA to recover its reasonable attorneys' fees, to which Sanchez did not respond. It

is clear that, even if Crescent had not included its claim for attorneys' fees in its Answer, later filings in the case gave Sanchez clear and adequate notice that Crescent was seeking under the MSA to recover its attorneys' fees.

In summary, the Court has already ruled that Crescent is entitled to recover its reasonable attorneys' fees pursuant to Section 18.1 of the parties' MSA. Crescent in its Answer included a prayer for attorneys' fees, and subsequent filings in the case gave unequivocal notice that Crescent was seeking to recover its attorneys' fees. As a result, Sanchez's objections to Crescent's request for fees under the MSA are overruled.

## III.   **LODESTAR CALCULATION**

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). The MSA provides that it is governed by the laws of the State of Texas. *See* MSA [Doc. # 115-2], § 17.4. Under Texas law, a party may recover attorneys' fees where such recovery is authorized by the parties' contract. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019).

In this case, the parties' MSA provides that "the prevailing Party will be fully compensated" for costs, including costs, expert fees, and reasonable attorneys' fees.

*See* MSA, § 18.1.  The MSA provides further that, unless judgment is by default, the fee award "will be such as to fully reimburse all reasonable attorneys' fees actually incurred by the prevailing Party."  *Id*.

Courts in Texas, both state and federal, use the lodestar method to determine the reasonableness of attorneys' fees.  *See Rohrmoos*, 478 S.W.3d at 498; *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017).  Under the lodestar method, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly billing rate.  *See Rohrmoos*, 478 S.W.3d at 498; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012).  The lodestar amount is presumed reasonable and should be adjusted only in exceptional cases.  *See Rohrmoos*, 478 S.W.3d at 499 ("there is a presumption that the base lodestar calculation, when supported by sufficient evidence, reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party"); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

A.  **Number of Hours Reasonably Expended**

In this case, Crescent's fee application is supported by the Declarations of Mark D. Temple [Docs. # 138-1 and # 145-2], Crescent's designated expert on attorneys' fees.  Temple, through his Declarations and supporting billing records, identifies the particular services performed by Crescent's attorneys, the attorney who provided those

services, the approximate date(s) the services were performed, and the amount of time reasonably required to perform the services. Crescent has eliminated hours that were potentially duplicative, unnecessary, or not directly related to Sanchez's claims against it in this case. These deleted hours include (a) those incurred before Sanchez filed the Third-Party Complaint against Crescent on September 14, 2018, and (b) hours worked by attorneys that were reduced or otherwise not billed to Crescent. The total number of hours reasonably required to defend Crescent against Sanchez's claims in this case are 987.9. Additionally, the total number of hours reasonably required to respond to Sanchez's Objections to the fee request are 29.5. Sanchez does not argue that the number of hours is unreasonable for the work performed.

Instead, Sanchez argues that many of the hours claimed were unnecessary because the work involved was unnecessary. Sanchez notes that the Court granted summary judgment in favor of Crescent based on the ruling that "Sanchez failed to give Crescent the required notice of the proposed settlement [with Langen] and thus cannot avail itself of the indemnity in MSA Section 14.2." May 11 Opinion [Doc. # 133], p. 20. Sanchez argues that many of the hours billed by Crescent's attorneys were unnecessary because "Crescent could have attempted to narrow the case by calling the Court's attention to its condition-precedent theory with a laser focus on

how the Court should have decided that as a threshold issue that would have involved no additional discovery." *See* Objections, p. 10.

Sanchez's argument is refuted by the record. Crescent filed its first Motion for Summary Judgment on July 17, 2019. In that motion, Crescent argued that a condition precedent to indemnity under the MSA was Sanchez providing Crescent with notice and an opportunity to consent to the settlement prior to settling with Langen. *See* Motion for Summary Judgment [Doc. # 85], pp. 21-22. In response, Sanchez filed a Rule 56(d) motion asking the Court to "deny, or defer briefing on and consideration of" Crescent's Motion for Summary Judgment because Sanchez needed additional discovery to oppose Crescent's motion. *See* Rule 56(d) Motion [Doc. # 86]. Sanchez referred to Crescent's Motion for Summary Judgment as "dramatically premature." *Id*. at 1. Over Crescent's vehement objection [Doc. # 89], the Court granted Sanchez's request and denied Crescent's Motion for Summary Judgment without prejudice "to re-urging at the close of discovery." *See* August 21, 2019 Memorandum and Order [Doc. # 94], p. 7.

The record is clear that Crescent brought the condition-precedent argument to the Court's attention in the July 17, 2019 Motion for Summary Judgment, but Sanchez requested that the Court not rule on that motion until Sanchez had an opportunity to conduct discovery. The Court's order granting Sanchez's request provided that

Crescent could reurge its Motion for Summary Judgment "at the close of discovery." Sanchez cannot now complain that Crescent was required to incur attorneys' fees for wide-ranging discovery that Sanchez requested and obtained over Crescent's objection.

The Court finds that the total number of hours reasonably required to defend Crescent against Sanchez's claims in this case are 987.9, and the total number of hours reasonably required to respond to Sanchez's Objections to the fee request are 29.5.

### B. **Reasonable Hourly Rates**

Crescent's counsel at Reed Smith LLP charged a "blended" hourly rate of $450.00 per hour for the services of each of the attorneys working on this case. *See* Temple Declaration [Doc. # 138-1], ¶ 13. Work performed by attorneys with the law firm of Staines & Eppling billed at individualized hourly rate bewten $190.00 and $220.00 per hour. Sanchez has not objected to any of the hourly rates, and the Court finds them to be reasonable.

### C. **Lodestar Calculation**

Multiplying the applicable hourly rate by the number of hours billed by the attorney performing the work, the lodestar amount is $391,544.50 in attorneys' fees for defending Crescent against Sanchez's claims and for responding to Sanchez's objections to the fee request.

## IV.    ADJUSTMENT TO LODESTAR

Sanchez argues that the lodestar amount should be adjusted downward because Crescent "only succeeded on its condition precedent theory." *See* Objections, p. 10. Sanchez argues that Crescent's limited success warrants a reduced fee award. *See id*. at 7.  In seeking the downward adjustment to the lodestar amount, Sanchez "bears the burden of providing specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Rohrmoos*, 578 S.W.3d at 501.

Sanchez's argument that Crescent's attorneys' fee award should be reduced because Crescent "only succeeded on its condition precedent theory" is neither legally nor factually valid.  The United States Supreme Court has made clear that when a lawsuit involves related claims or issues, the prevailing party "should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).  Therefore, the lodestar amount should not be reduced simply because the Court did not address and adopt each separate argument Crescent raised in the summary judgment briefing.

Factually, the record does not support Sanchez's argument that Crescent succeeded only on the condition-precedent argument on the indemnity claim.  Sanchez asserted two claims against Crescent, a breach of contract claim (Count I) and a contractual indemnity claim (Count II).  Sanchez moved for summary judgment in its

favor on both claims. The Court denied Sanchez's motion on both claims, addressing each claim separately and fully. *See* May 11 Opinion pp. 14-19. With reference to Sanchez's breach of contract claim based on sections of the MSA other than the indemnity provision in Section 14.2, the Court agreed with Crescent that "Section 14.2 controls this dispute in its entirety because it addresses Crescent's obligation to comply with various employment laws, ***specifically including the FLSA***, and establishes the parties' agreed remedy for breach of this commitment, namely, Crescent's indemnity obligation under the MSA." *Id*. at 15. The Court also rejected Sanchez's breach of contract claim:

> for Sanchez to prevail on its breach of contract claim under Section 14.2, Sanchez would have to establish that Langen's services were provided in violation of the FLSA. There has been no such showing in this case, or elsewhere, that either party violated the FLSA with respect to Langen. Both Crescent and Sanchez have denied any violation of the FLSA. Sanchez's agreement to settle Langen's unadjudicated claims is not proof of a violation of the FLSA by Crescent. Indeed, the settlement agreement between Sanchez and Langen states "[t]his Agreement is the result of a bona fide and contested dispute," and does not contain any acknowledgement or admission that Langen's services were provided in violation of the FLSA.

*Id*. at 18-19. It is clear that Crescent was fully successful in its defense against Sanchez's breach of contract claim, including FLSA issues.

Crescent was equally successful in its defense against Sanchez's indemnity claim. In support of its Motion for Summary Judgment on the indemnity claim,

Crescent made various arguments, including the argument that Sanchez had failed to comply with a condition precedent for indemnity. The Court noted that it needed to address "only Crescent's contention that even if it had a duty to indemnify Sanchez in connection with Langen's FLSA claim, Sanchez failed to give Crescent notice of the proposed settlement with Langen and failed to grant Crescent an opportunity to consent or object to that settlement." *Id*. at 20. This was not a rejection of Crescent's other arguments, but a recognition that Sanchez's failure to give Crescent the required notice of the proposed settlement was dispositive. No analysis of other arguments was necessary.

Crescent successfully avoided Sanchez's Motion for Summary Judgment on both counts of the Third-Party Complaint. Crescent also succeeded in obtaining summary judgment that it did not owe Sanchez indemnity in connection with the defense and settlement of Langen's FLSA claims. As a result, the Court finds no basis to adjust the lodestar amount downward based on Sanchez's perception that Crescent achieved only limited success in this case.

## V.   **CONCLUSION AND ORDER**

The Court in its May 11 Opinion held that Crescent is entitled to recover its reasonable attorneys' fees and costs for its defense against Sanchez's claims. The amount of Crescent's reasonable and necessary attorneys' fees, including the fees

incurred in briefing the fee issue, is **$391,544.50**, and Crescent's recoverable costs are **$15,176.05**. Judgment for this amount, without adjustment, will be entered in favor of Crescent and will accrue post-judgment interest at the legal rate, as set forth in the accompanying Final Judgment. Therefore, it is hereby

**ORDERED** that Crescent's Motion for Fees and Costs [Doc. # 138] is **GRANTED** and Crescent is awarded **$391,544.50** in reasonable attorneys' fees and **$15,176.05** in recoverable costs. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 24th day of **July, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE